UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROGER CENTER,<br><br>Plaintiff,<br><br>v.<br><br>D'AGSTINI, et al.,<br><br>Defendants. | No. 2:19-cv-0091 AC P<br><br><br>ORDER |

Plaintiff is an inmate currently housed at the El Dorado County/South Lake Tahoe Jail. He is proceeding with a pro se civil rights action under 42 U.S.C. § 1983.

On January 15, 2019, plaintiff filed a complaint and an application to proceed in forma pauperis. ECF Nos. 1, 2. At the same time, he filed a motion for the appointment of counsel. See ECF No. 4. The appointment of counsel motion provided no facts in support of the request. See generally ECF No. 4.

On January 22, 2019, the court denied plaintiff's motion to appoint counsel. See ECF No. 5. It also directed plaintiff to file a certified copy of his inmate trust account statement for the six-month period immediately preceding the filing of his complaint, pursuant to 28 U.S.C. § 1915(a)(2). See ECF No. 5 at 2.

On January 25, 2019, plaintiff filed a second motion to appoint counsel. ECF No. 7. On February 4, 2019, plaintiff filed a "Motion for Order for Pro Se Status" and refiled a copy of his

1

first application to proceed in forma pauperis.[1] ECF Nos. 8, 9. The duplicate in forma pauperis application did not include a copy of plaintiff's certified trust account statement.

For the reasons stated below, the court will deny plaintiff's "Motion for Order for Pro Se Status" and give plaintiff a final opportunity to file the certified trust account statement or its equivalent. The court will also deny plaintiff's second motion to appoint counsel.

I. TRUST ACCOUNT STATEMENT

Section 1915(a)(2) requires a prisoner seeking to bring a civil action without prepayment of fees to submit a certified copy of his trust fund account statement – or an institutional equivalent – for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915 (a)(2). Plaintiff's "Motion for Order for Pro Se Status" (ECF No. 8) is not sufficient. If the South Lake County Jail does not maintain certified trust fund account statements for its inmates, plaintiff needs to ask the jail to provide him with its equivalent and file that document with the court.

II. MOTION FOR THE APPOINTMENT OF COUNSEL

In support of his second motion to appoint counsel, plaintiff states that he needs an attorney because the issues in his case, which relate to the Americans with Disabilities Act, class action lawsuits, and "gender issues," are complex. See ECF No. 7 at 1. Plaintiff also states that his attention deficit disorder and speech impairment make it difficult for him to communicate with others and make his needs known. See id. In addition, he points out that his attempts to find legal representation in the Lake Tahoe area have not been successful. See ECF No. 7 at 2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

---

[1] Because the second in forma pauperis motion was a duplicate of the first, the Clerk of Court terminated it as such.

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff's complaint consists of one claim related to the El Dorado County Jail providing an ADA accommodation equivalent of a rehabilitation program it currently offers. See generally ECF No. 1. Both the claim and relief sought as written by plaintiff are legible and clear, despite any complex legal issues the action may raise. Consequently, the court does not find the required exceptional circumstances at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second motion for the appointment of counsel, filed January 25, 2019 (ECF No. 7), is DENIED;

2. Plaintiff's "Motion for Order for Pro Se Status," filed February 4, 2019 (ECF No. 8), is DENIED; and

3. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his inmate trust account statement – or its equivalent – for the six-month period immediately preceding the filing of the complaint. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: February 22, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE