UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROGER CENTER, | No. 2:19-cv-0091 AC P |
| Plaintiff, | |
| v. | ORDER |
| D'AGSTINI, et al.,[1] | |
| Defendants. | |

Plaintiff, a county jail inmate proceeding pro se, seeks relief pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 12. Plaintiff has also filed a motion requesting "pro se status and privileges." ECF No. 13. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the court will deny plaintiff's first-filed motion to proceed in forma pauperis and grant the second. The court will also deny plaintiff's motion to receive "pro se status and privileges." The complaint is screened herein pursuant to 28 U.S.C. § 1915A(a), and found to state a claim. Service will be directed by separate order.

---

[1] The name of the Sheriff of El Dorado County, John D'Agostini, is misspelled throughout plaintiff's complaint. See generally ECF No. 1; see https://www.edcgov.us/Government/sheriff. The court takes judicial notice of this fact. See Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (permitting judicial notice of fact no subject to reasonable dispute). As a result, it will direct the Clerk of Court to correct the spelling of the sheriff's last name on the case caption of the court's docket.

I.  IN FORMA PAUPERIS APPLICATIONS

Plaintiff's first application to proceed in forma pauperis, filed January 14, 2019, does not include a certified copy of his trust account statement as 28 U.S.C. § 1915(a)(2) requires. See generally ECF No. 2. As a result, it is incomplete and will be denied as such.

Plaintiff's second application to proceed in forma pauperis, filed March 11, 2019, includes a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 12. Therefore, it will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

////

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLAINTIFF'S COMPLAINT

Plaintiff challenges limitations on access to vocational programming at the South Lake Tahoe Jail, and names as defendants El Dorado County Sheriff D'Agostini, Lieutenant Green, and Administrative Sergeant George. See ECF No. 1 at 1-2. The complaint alleges violations of the Rehabilitation Act of 1973 ("RA") and of the Americans with Disabilities Act ("ADA"). See id. at 3. Plaintiff, who is disabled by chronic medical conditions and pain, is allegedly excluded from the jail's Vocational Education Culinary Arts class by applicable "El Dorado County operating procedures." Id. Plaintiff alleges that "neither ADA inmates or those of the female gender are able to participate in the Culinary Arts program, nor is there an alternative vocational course available." Id. The absence of an alternative program deprives plaintiff of the opportunity to earn "milestone credits," and thus affects his release date. Id. Plaintiff seeks injunctive relief only. Id. at 4. Specifically, he requests accommodation in the form of County acceptance of a specific paralegal training course as "a 12 week milestone." Id.

IV. ANALYSIS

Title II of the ADA was expressly modeled after Section 504 of the Rehabilitation Act. See Weinreich v. Los Angeles Cty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). Jails and prisons are appropriate public entities subject to suit under Title II. See Pennsylvania

3

Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998) (state prisons); Updike v Multnomah County, 870 F.3d 939, 949 (9th Cir. 2017) (county jails). The proper defendant is an entity and not a natural person. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). However, a plaintiff may proceed under the ADA against an individual sued in his or her official capacity when the only relief sought is prospective injunctive relief.[2] See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1189 (9th Cir. 2003) (per curiam). The same rule applies under the RA. See Armstrong v. Wilson, 124 F.3d 1019, 1025-26 (9th Cir. 1997).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001). To prevail on an ADA claim, plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity, and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. Weinreich, 114 F.3d at 978 (internal quotation marks omitted).

Section 504 of the Rehabilitation Act provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A plaintiff bringing suit under Section 504 must show that: (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability, and (4) the program receives federal financial assistance. Weinreich, 114 F.3d at 978.

For purposes of screening only, the court finds that plaintiff has adequately stated a claim under the ADA and RA. The complaint alleges that plaintiff is disabled and has been denied the

////

---

[2] Official capacity suits filed against state officials are an alternative way of pleading an action against the entity of which the defendant is an officer. Haler v. Melo, 502 U.S. 21, 25 (1991).

opportunity to participate in a specified program because of his disability.[3] Plaintiff seeks only prospective injunctive relief, and has identified an available accommodation. See Pierce v. Cty. of Orange, 526 F.3d 1190, 1217 (9th Cir. 2008). Accordingly, the complaint presents a cognizable claim under the ADA and RA against defendants in their official capacities.

VI. PLAINTIFF'S MOTION FOR PRO SE STATUS AND PRIVILEGES

Plaintiff has filed a motion for "Pro Se Status and Privileges." ECF No. 13. The motion asks the court to direct the El Dorado County Sheriff's Department and Inmate Services of the South Lake Tahoe Division to provide services and materials as needed throughout these proceedings so that plaintiff may file court documents in a timely fashion. See id. at 2. The services and materials plaintiff requests range from paper, pencils, envelopes and postage, to photocopies for court filings. See id. at 1.

The right to access to the courts includes the right to services and supplies that are indispensable to the filing of court documents. Allen v. Sakai, 48 F.3d 1082, 1089 (9th Cir. 1994). Indigent inmates must be provided with paper and pen to draft legal documents as well as with other related services. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977), abrogated on other grounds by Lewis v. Casey, 518 U.S. 343 (1996).

The instant motion does not allege that plaintiff has been denied essential supplies and/or services that are needed for him to file documents in this matter. See generally ECF No. 13. There is no indication that jail officials have told plaintiff that he may not in the future obtain or receive writing materials. See id. Accordingly, plaintiff's motion to require the El Dorado County Sheriff and Inmate Services to provide court-ordered legal supplies and services is premature and will be denied.

VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

You have presented a claim for injunctive relief (a court order for accommodation) under

---

[3] Although the complaint also references discrimination against female inmates, plaintiff's own claim rests on his disability and is brought only under the ADA and RA. Plaintiff lacks standing to litigate any sex-based discrimination related to the challenged policy. See generally Valley Forge Christian Coll. v. Ams. United for Separation of Church State, Inc., 454 U.S. 464, 471 (1982).

5

the ADA and RA.  The court will issue a separate order directing the U.S. Marshal to serve the complaint.  Under the law, this claim is brought against the individuals in their official capacities.  That means that the defendants are sued based on the position(s) that they hold, and are proper defendants to the extent that whoever holds those positions can provide the relief you seek.

Your motion for pro se status and privileges is being denied.  There is no evidence that you have been deprived of supplies and services that are essential for filing documents and litigating this case.  Without a showing that your constitutional right of access to the court is being denied, the court will not get involved in the jail's internal management.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed January 14, 2019 (ECF No. 2), is DENIED as incomplete;

2. Plaintiff's motion to proceed in forma pauperis, filed March 11, 2019 (ECF No. 12), is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. Service of the complaint is appropriate for defendants D'Agostini, Green and George.  The complaint states a cognizable claim for relief pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973;

5. Plaintiff's motion to receive "pro se status and privileges," filed March 18, 2019 (ECF No. 13), is DENIED without prejudice, and

6. The Clerk of Court is directed to change the spelling of the defendant sheriff's name from "D'Agstini" to "D'Agostini" in the case caption of the court's docket.

DATED: January 22, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE